**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No. 08-cv-00765-LTB-KMT

LINDA PALMER,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.
_____

**ORDER**
_____

This automobile insurance dispute is before me on Defendant, Allstate Insurance Company's, Motion for Summary Judgment [**Docket # 18**], Plaintiff, Linda Palmer's Response [**Docket # 23**], and Defendant's Reply [**Docket # 24**]. Oral argument would not materially assist the determination of this motion. After consideration of the motion, the papers, and the case file, and for the reasons stated below, I GRANT in part and DENY in part Defendant's Motion for Summary Judgment [**Docket # 18**]

**I.  BACKGROUND**

The following facts are alleged. On or about January 16, 2006, Plaintiff was in an automobile accident involving another vehicle. Plaintiff's injuries exceeded $500,000. The driver of the other vehicle—who admitted liability for causing the accident—carried $25,000 of liability coverage which has now been paid to Plaintiff. Plaintiff filed a claim with her insurer, Defendant Allstate Insurance Company ("Allstate"), under Plaintiff's uninsured/underinsured motorist coverage. Although Plaintiff's policy provided her with an additional $75,000 in

coverage, Allstate did not pay Plaintiff this amount. Instead, Allstate offered to settle Plaintiff's claim for $2,500.

Plaintiff filed a complaint in Denver District Court—since removed to this Court on the basis of diversity jurisdiction—alleging three claims for relief: (1) breach of contract; (2) bad faith breach of contract; and (3) outrageous conduct [**Docket # 1-2**]. Defendant now moves for summary judgment on Plaintiff's bad faith and outrageous conduct claims.

## II.  STANDARD OF REVIEW

The purpose of a summary judgment motion is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). If a reasonable juror could not return a verdict for the non-moving party, summary judgment is proper and there is no need for a trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is not proper if—viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor—a reasonable jury could return a verdict for the non-moving party. *Mares v. ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir. 1992).

In a motion for summary judgment, the moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, *supra*, 477 U.S. at 323 (quoting FED. R. CIV. P. 56(c)). If this burden is met, then the non-moving party has the burden of showing there are genuine issues of material fact to be determined. *See id.* at 322. It is not enough that the evidence be merely colorable; the non-moving party must come forward with specific facts showing a genuine issue for trial. *See*

*id.*; *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). I shall grant summary judgment, therefore, only if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Lucas v. Mountain States Tel. & Tel.*, 909 F.2d 419, 420 (10th Cir. 1990); FED. R. CIV. P. 56(c).

In a motion for summary judgment, I view the evidence "through the prism of the substantive evidentiary burden." *Liberty Lobby*, *supra*, 477 U.S. at 254. The inquiry is based on "the quality and quantity of evidence required by the governing law" and "the criteria governing what evidence would enable the jury to find for either the plaintiff or the defendant." *Id*. Accordingly, in this insurance case, Plaintiff must show material facts in dispute by a preponderance of the evidence in order to defeat Defendant's motion for summary judgment. *See*, *e.g.*, COLO. JURY INSTR., CIVIL 3:1 (2006) ("To prove something by a 'preponderance of the evidence' means to prove that it is more probably true than not.").

### III. ANALYSIS

As this dispute arises under Colorado law, I first look to rulings of the Colorado Supreme Court to aid my analysis. *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 899 (10th Cir. 2006). If no applicable rulings exist, I must endeavor to predict how the Colorado Supreme Court would rule. *Id*. In such circumstances, I must follow any intermediate state court decision unless other authority demonstrates the Colorado Supreme Court would decide otherwise. *Daitom, Inc. v. Pennwalt Corp.*, 741 F.2d 1569, 1574 (10th Cir. 1984). The policies underlying

the applicable legal doctrines, the doctrinal trends indicated by these policies, and the decisions of other courts may also inform my analysis. *Id*. at 1574–75.

## A. Bad Faith Breach of Contract

"Every insurance contract contains an implied covenant of good faith and fair dealing which imposes upon insurers a duty to act in good faith in their dealings with their insured." *Dale v. Guar. Nat'l Ins. Co.*, 948 P.2d 545, 551 (Colo. 1997). For an insured party to prevail on a bad faith breach of contract claim against an insurer, "the insured must establish that the insurer acted: (1) unreasonably and (2) with knowledge of or reckless disregard of its unreasonableness." *Id*. The reasonableness of an insurer's conduct is evaluated under the circumstances that existed at the time of the action. *Anderson v. State Farm Mut. Auto. Ins. Co.*, 416 F.3d 1143, 1147–48 (Colo. 2005).

Defendant argues no material question of fact exists whether it acted reasonably under the circumstances. In support of its argument, Defendant points to evidence showing Plaintiff's vehicle sustained little visible damage; Plaintiff claimed shoulder injuries that were similar to injuries she previously sustained in a November 2000 accident; Plaintiff claimed neck, back, and spine injuries that were similar to injuries she had previously been treated for; and Plaintiff received $30,000 in total compensation from the other party's insurance and from Defendant as medical benefits.

Plaintiff responds by pointing to records showing Allstate—before offering to settle Plaintiff's claim for $2,5000—was aware of: evidence showing the damage to Plaintiff's vehicle exceeded $2,000; medical records showing Plaintiff had completely recovered prior to the January 2006 accident and was not limited in her ability to work in her chosen profession as a

masseuse; medical records showing Plaintiff received $29,000 in medical care and would require more than $100,000 in additional care to remedy her injuries; a medical opinion that Plaintiff was permanently impaired; and medical records showing Plaintiff's ability to work in her chosen profession was adversely impacted by the January 2006 accident and Plaintiff suffered additional damages as lost wages. Plaintiff's evidence—viewed in the light most favorable to her as the non-moving party and drawing all reasonable inferences in her favor—is sufficient to show Allstate acted unreasonably and with knowledge of or reckless disregard of its unreasonableness when it offered Plaintiff $2,500 to settle her claim. Accordingly, summary judgment on Plaintiff's bad faith breach of contract claim is denied.

### B.  Outrageous Conduct

The elements of an outrageous conduct claim are: (1) the defendant engaged in extreme and outrageous conduct; (2) the defendant engaged in the conduct recklessly or with the intent of causing the plaintiff severe emotional distress; and (3) the plaintiff incurred severe emotional distress which was caused by the defendant's conduct. *Culpepper v. Pearl St. Bldg., Inc.*, 877 P.2d 877, 882 (Colo. 1994). Conduct will be considered "extreme and outrageous" when it is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting *Destefano v. Grabrian*, 763 P.2d 275, 286 (Colo. 1988)). Where—as here—a plaintiff produces no evidence that the defendant intended to cause the plaintiff emotional distress or "acted recklessly with the knowledge that there was a substantial probability that their conduct would cause severe emotional distress," summary judgment in the defendant's favor is required. *See id.* at 883.

## IV.  CONCLUSION

Accordingly, Defendant's Motion for Summary Judgment [**Docket # 18**] is GRANTED in part and DENIED in part as follows:

1. To the extent Plaintiff alleges a claim for outrageous conduct, summary judgment in Defendant's favor is GRANTED;

2. Defendant's motion is otherwise DENIED;

3. Each party shall bear its own costs.

Dated: May   19  , 2009.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Judge