IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08-cv-00765-LTB-KMT

LINDA PALMER,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

## ORDER

This matter is before the court on the "Stipulated Motion to Modify Scheduling Order (Doc. #11)" (Doc. No. 25, filed May 15, 2009) and the "Stipulated Motion to Reschedule Final Pre Trial Conference Set for May 26, 2009" (Doc. No. 26, filed May 15, 2009). The parties move for an extension of deadlines and to reschedule the Final Pretrial Conference set for May 26, 2009. The deadlines and the Final Pretrial Conference were set in the Scheduling Order filed on July 8, 2008. (Doc. No. 10.)

The parties state they attended a settlement conference on January 22, 2009, during which it became apparent the case would not settle, and that Plaintiff was still attempting to obtain medical records to provide to Defendant. Since that time, the parties state they have been diligently working with one another to exchange relevant medical information and to schedule an IME of the Plaintiff. Plaintiff attended her IME on April 20, 2009, and the report has been

provided to the plaintiff. The parties seek extensions of the deadlines to designate experts, to designate rebuttal experts, for discovery cut-off, and for the Final Pretrial Conference.

Fed. R. Civ. P. 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." *See also* D.C.Colo. L.Civ.R. 6.1F. The relevant standard for assessing excusable neglect is set forth in *Pioneer Inv. Serv. Co. v. Brunswick Association. Ltd. P'ship*, 507 U.S. 380 (1993). When determining what type of neglect will be considered "excusable," the Supreme Court ruled "that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Serv. v. Brunswick*, 507 U.S. at 395. The Court set out four factors to be assessed in this determination: "(1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Id.*

As to the first factor, the court finds the prejudice to the parties is equal, as the motion is stipulated and apparently both parties have failed to comply with the deadlines previously set by this court. As to the second factor, the court finds the length of delay in filing a motion for extension of time and in complying with the previously-set deadlines is significant and unacceptable. The court notes that, with the exception of the Final Pretrial Conference, <u>all</u> of the deadlines the parties wish to extend have long passed. The original deadline to designate expert witnesses was November 10, 2008, <u>over six months</u> prior to the filing of the parties' motion.

The original deadline to designate rebuttal experts was December 10, 2008, <u>over five months</u> prior to the filing of the parties' motion.  The discovery cut-off was February 28, 2009, <u>nearly three months</u> prior to the filing of the parties' motion.  In addition, these deadlines had already passed at the time the settlement conference was commenced in January 2009.  Regarding the third factor, the reason for the delay is "a very important factor—perhaps the most important single factor—in determining whether neglect is excusable."  *City of Chanute, Kan. v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994).  The parties fail even to address their late filing of the motion for an extension of time, nor do they suggest that the untimely filing was due to excusable neglect.  Moreover, the court finds that the untimely filing was fully within the control of the parties.   The parties cannot even suggest to the court that they thought the case may settle, as they state they knew after the January 2009 settlement conference that it would not settle.  The explanations contained within the motion do not establish good reason for the delay.  Finally, the court finds there is no evidence to indicate the parties' filing was done in bad faith.  *See City of Chanute, Kan. v. Williams Natural Gas, supra*, 31 F.3d at 1047.  Nevertheless, in balancing the factors relative to a determination pursuant to Fed. R. Civ. P. 6(b)(1)(B), the court finds no excusable neglect.  Accordingly, it is

      **ORDERED** that the "Stipulated Motion to Modify Scheduling Order (Doc. #11)" (Doc. No. 25) is **DENIED**.  It is further

      **ORDERED** that the "Stipulated Motion to Reschedule Final Pre Trial Conference Set for May 26, 2009" is GRANTED in part.  The Final Pretrial Conferences set for May 26, 2009, is

VACATED and RESET to **June 2, 2009, at 9:00 a.m.** The parties shall submit their proposed Final Pretrial Order no later than **May 26, 2009.**

Dated this 19th day of May, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge